HLD-143 (June 2010)                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2374
_____

IN RE: DENNIS SHIPMAN, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 07-cv-01107)


_____


Submitted Pursuant to Rule 21, Fed. R. App. P.
June 30, 2010
Before: MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges

(Opinion filed : July 27, 2010)
_____

OPINION
_____

PER CURIAM.

Dennis Shipman filed this pro se petition for a writ of mandamus pursuant

to 28 U.S.C. § 1651 seeking an order compelling the District Court to either schedule for

trial an outstanding cross-claim or to "amend entry of final judgment" in his civil suit.

For the reason that follows, we will deny the petition.

In 2007, Shipman filed suit under 42 U.S.C. § 1983 against multiple

1

defendants in the United States District Court for the District of New Jersey. In his answer to the complaint, one of the defendants, Michael Paquette, also made a cross-claim for contractual indemnification by co-defendants Township of Brunswick and the South Brunswick Police Department. On March 31, 2010, the District Court granted summary judgment to all defendants and ordered that the case be administratively closed. The District Court's opinion and order did not mention or dispose of Defendant Paquette's cross-claim.

Shipman appealed (C.A. No. 10-1948) and was advised that his appeal would be considered for possible dismissal because it appeared that the order was not appealable in that it had not disposed of all of the claims in the case, i.e., the cross-claim remained pending. Shipman then filed this mandamus petition seeking to have us compel the District Court "to either schedule [the] outstanding 'cross-claim' for trial, or amend entry of a final judgment as to all claims(s) or party(ies) under Federal Rule of Civil Procedure 54(b)." By order filed June 2, 2010, the question of appellate jurisdiction in the appeal (C.A. No. 10-1948) was referred to the merits panel.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means" to obtain the relief desired. Madden v. Myers, 102 F.3d 74, 79 (3d Cir.

1996).

It is apparent that Shipman wishes to resolve what was previously identified as a jurisdictional barrier to his appeal by getting an order from the District Court either certifying the summary judgment order as final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, or disposing of the cross-claim. But Shipman is not entitled to have this Court grant such relief via a writ of mandamus. That is because Shipman has another adequate means for seeking the relief: he may file a motion in the District Court asking it to certify its order under Rule 54(b).[1] Shipman's complaint that it is an "unfair burden" to expect him to seek relief directly from the District Court does not alter the fact that such means exist and are adequate. Accordingly, we will deny the petition for a writ of mandamus.

---

[1] We again note that Shipman's appeal from the District Court's order, C.A. No. 10-1948, is proceeding; a briefing schedule was issued on June 10, 2010. Shipman may address the question of appellate jurisdiction in his brief.